DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Bradford Simms appeals a judgment of the Medina County Common Pleas Court that denied his petition for post-conviction relief. We affirm.
 I.
On August 18, 1999, Defendant Bradford Simms was convicted of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Defendant appealed his conviction. However, on January 7, 2000, when Defendant failed to file an appellate brief in a timely fashion pursuant to App.R. 18, this court dismissed his direct appeal.
On May 12, 2000, Defendant filed a petition for post-conviction relief with the trial court. The petition asserted that even though Defendant had stipulated to his three previous convictions during trial, the conviction in Portage County, Ohio had been "uncounseled," that Defendant had not waived his right to counsel and that a motion to suppress should have been filed prior to the trial herein. The State responded, arguing Defendant had waived the matter at trial and should have raised the subject on direct appeal. On June 29, 2000, without convening a hearing on the matter, the trial court denied Defendant's petition. This appeal followed.
 II. Assignment of Error The trial court prejudicially erred and abused its discretion by not holding a hearing on [Defendant's] petition for post-conviction relief.
For his sole assignment of error, Defendant argues that the trial court erred by not affording him a hearing prior to its denial of his petition for post-conviction relief. In essence, he claims that his petition contained sufficient operative facts to warrant a hearing. We disagree.
R.C. 2953.21(C) provides, in pertinent part:
 Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.
* * *
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.
The Ohio Supreme Court has held that a petitioner is barred by the doctrine of res judicata from raising any defense or constitutional claim that was or could have been raised at trial or on direct appeal from his conviction. State v. Reynolds (1997), 79 Ohio St.3d 158, 161. This court would add that if a petitioner raises arguments barred by resjudicata, a trial court need not grant an oral hearing on the matter. See, e.g., State v. Smith (Mar. 15, 2000), Lorain App. No. 98CA007169, unreported, at 4.
In the instant appeal, Defendant attempts to advance an argument that he could have raised on direct appeal. As such, Defendant's claims for post-conviction relief are barred by the doctrine of res judicata, and the trial court did not err in dismissing his petition without a hearing.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J., CONCUR.